695 F.2d 626
 225 U.S.App.D.C. 4
 Young C. PARK, et al., Appellants,
v.
George A. DIDDEN, Jr., Individually and as Trustee for Anna
Carry, Minna Carry, Joseph Carry (deceased), Antoinette
Carry, Charles A. Carry, Jr., Jean C. Miller, Albert J.
Didden, Joseph R. Didden, Robert J. Carry, Marie W.
Knighton, Elizabeth A. Tate, Clement A. Didden, Louise C.
Becke, Fannie N. Smith, Albert J. Carry.
 No. 81-2202.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 29, 1982.
Decided Dec. 10, 1982.
 
 Stanley Robert Jacobs, Bethesda, Md., for appellants.
 Jo V. Morgan, Jr., Washington, D.C., with whom William J. Durkin, Jr., Washington, D.C., was on brief, for appellees.
 Before MacKINNON and GINSBURG, Circuit Judges, and McGOWAN, Senior Circuit Judge.
 Opinion for the Court filed by Circuit Judge GINSBURG.
 GINSBURG, Circuit Judge:
 
 
 1
 This is an appeal from a judgment of the district court dismissing a civil action with prejudice at the pleading stage. To support the dismissal the district judge cited Rule 19 of the Federal Rules of Civil Procedure. We conclude that the district court misunderstood and therefore misapplied the Rule.
 
 
 2
 Rule 19, titled "Joinder of Persons Needed for Just Adjudication," was revised in 1966 to steer judges away from "a jurisprudence of labels."[1] The Rule does not characterize parties as "necessary," and it uses the word "indispensable" only in a conclusory sense:
 
 
 3
 To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: a court does not know whether a particular person is "indispensable" until it has examined the situation to determine whether it can proceed without him.
 
 
 4
 Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 119, 88 S.Ct. 733, 743, 19 L.Ed.2d 936 (1968).[2] On defendant's motion, and without an examination of the quality Rule 19 demands, the district court dismissed this action "for failure to join necessary and indispensable parties." Considerations that should attend a court's response to a motion invoking Rule 19 reveal that the action should not have been dismissed. Accordingly, we reverse the district court's judgment and remand the case for further proceedings.
 
 I. BACKGROUND
 
 5
 An "Assignment of Lease"[3] to business premises gave rise to this action, commenced in federal court on the basis of the named parties' diverse citizenship. 28 U.S.C. Sec. 1332. Plaintiff-appellants Young C. Park and Young W. Park were assignees of a leasehold interest in real property located at 419 Eleventh Street, N.W., Washington, D.C., when the property was condemned by the Pennsylvania Avenue Development Corporation (PADC).[4] Alleging their Maryland residence, the Parks sued George A. Didden, Jr., a District of Columbia resident and one of several co-owners of the property.[5]
 
 
 6
 The complaint states that Munch Time, Inc., a District of Columbia corporation, leased the premises in question from Didden and others on April 14, 1973, and that two years later, on April 25, 1975, the Parks purchased Munch Time's food service business, obtaining, in conjunction with the purchase, an assignment of the lease. The assignment, annexed to the complaint, refers to Didden as "Landlord" and is signed by Didden "For Landlord." App. 15. The Parks further allege that on June 14, 1978, they contracted to sell their business for $80,000 plus inventory at cost. App. 22. This agreement, they assert, was conditioned upon an assignment of the lease to the purchasers. Didden, the complaint charges, unreasonably withheld consent to the proposed assignment. Two years thereafter, PADC condemned the property and notified the Parks to vacate the premises by June 30, 1981. App. 16.
 
 
 7
 Based upon these facts, the complaint presents three claims for breach of contract and unjust enrichment. Two demand compensation for leasehold improvements, the first in the amount of $18,225, the second in the amount of $100,000. Recovery on these claims apparently is sought out of sums paid or payable to the former property owners by PADC. The third claim seeks damages in the amount of $100,000 for Didden's alleged refusal to consent to a further assignment of the lease in 1978, and the consequent inability of plaintiff-appellants to consummate the sale of their business.
 
 
 8
 The Parks filed their complaint on June 10, 1981. Didden answered on July 29 and moved to dismiss on September 24. On October 29, before discovery commenced and following a brief hearing, the district court signed and filed a "Final Judgment of Dismissal." The fifteen-line Judgment, unaccompanied by any fact findings or memorandum, summarily states two reasons for dismissing "the entire action" against Didden "with prejudice": "failure to join necessary and indispensable parties," and "forum non conveniens."[6] Neither reason withstands analysis.
 
 II. ANALYSIS
 
 9
 Before dismissing an action under the aegis of Rule 19, the district court must be positioned to say, with the security afforded by careful, practically-oriented exploration and evaluation of the facts and circumstances of the particular case: 1) one or more persons not joined as a party is indeed "needed for just adjudication," 2) joinder of such person(s) is not feasible, and 3) dismissal is preferable to adjudication without the unjoined person(s). The district court rushed to judgment in this case without following the instructions Rule 19 supplies. Those instructions indicate that the case can be fairly and effectively decided between the Parks and Didden without joining other parties.
 
 A. The Absent Assignees
 
 10
 Didden points out that four assignees are named in the April 25, 1975, Assignment of Lease and that two of the four have not joined this action.[7] Since the citizenship of the two absent assignees does not appear, Didden assumes that their joinder would destroy the court's diversity jurisdiction. He suggests that, absent joinder of all four assignees, he will be exposed to multiple suits and that the precedential force of a judgment here could, as a practical matter, prejudice his position or that of the absent assignees. See Rule 19(a)(2). On this reasoning, he types the absent assignees "indispensable." See Rule 19(b).
 
 
 11
 The Parks suggest in their reply brief that the absent assignees are not even "proper" parties to this action,[8] because they terminated their interest in the Parks' business prior to the events in suit and, contemporaneously, surrendered their interest in the leasehold.[9] Moreover, at the argument of this appeal, counsel for plaintiff-appellants represented that the two absent assignees are Maryland residents whose joinder would not destroy the court's diversity jurisdiction.
 
 
 12
 We need not dwell on this matter, for it appears that the district court perceived the party line-up on the defendant's side as the impediment to adjudication.[10] Had the district court focused on the absent assignees, it likely would have afforded the named plaintiffs an opportunity to establish that the absentees had no interest in the controversy. Alternatively, if the plaintiffs failed to establish that the absentees had no interest in the dispute, the court likely would have granted plaintiffs leave to amend their complaint to join the absent assignees as parties. See Fed.R.Civ.P. 15(a) (leave to amend pleading "shall be freely given when justice so requires").
 
 B. The Absent Co-Lessors
 
 13
 We set out first an account of the district court's reasoning, as revealed in the transcript of the October 29, 1981, hearing on the motion to dismiss. Next we explain why we conclude that no lessor other than Didden was even arguably "needed for just adjudication" of the Parks' third claim, which concerned Didden's alleged unreasonable refusal to consent to reassignment of the lease. We turn finally to the claims apparently directed to the condemnation award and explain why we conclude that those claims also should be entertained even if Didden remains the sole defendant.
 
 1. The hearing on the motion to dismiss
 
 14
 In opposition to the motion to dismiss, counsel for the Parks emphasized Didden's signature on the lease assignment "For Landlord," and contended that Didden was appropriately sued both "individually and as trustee." Tr. 4. Didden had acknowledged that he was trustee of the estate of co-lessor Joseph Carry, App. 23, 30, but maintained that, as to the other co-lessors, he was not a trustee. Instead, he acted under a power of attorney.[11] Upon inspecting the power, which Didden had held since 1954, the district judge commented: "It certainly appears to be a very general power to do anything in connection with the real estate." Tr. 5.
 
 
 15
 The district judge then inquired whether any co-lessor, other than Joseph Carry, had died. Didden's counsel replied that "in the last year and a half," co-lessor Anna Carry had "passed away"; Didden, counsel reported, was an executor of Anna Carry's estate. Tr. 7. The recent death of a co-lessor settled the case for the district court. The district judge apparently reasoned in this sequence: 1) death terminates a power of attorney; 2) the death Didden's counsel reported made it necessary to join all co-lessors; 3) like the Parks, some of the co-lessors were Maryland citizens; 4) therefore, the case had to be dismissed "for no jurisdiction." Tr. 7-11.
 
 
 16
 The district judge correctly noticed that joinder of all co-lessors would destroy the federal court's diversity jurisdiction. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (Chief Justice Marshall's declaration of the "complete diversity" rule). But the district judge accurately perceived only one step, the second, in the three-step analysis Rule 19 requires. First, Rule 19(a) calls for a determination whether the co-lessors were persons needed for just adjudication who should be joined as defendants if feasible. As to the Parks' claim tied to their 1978 attempt to reassign the lease, the answer should have been no. Second, was joinder of absent co-lessors feasible? Here, as the district court recognized, joinder of all co-lessors (or their executors) was not feasible because it would strip the court of subject matter competence based on diversity. See Provident Tradesmens Bank & Trust Co., supra, 390 U.S. at 108-09, 88 S.Ct. at 737. Third, in Rule 19(b) language, did "equity and good conscience" point to dismissal or to adjudication limited to the parties before the court? As to the claims tied to the condemnation award, the latter answer should have been supplied.
 
 
 17
 2. The third claim--Didden's alleged unreasonable refusal to consent to reassignment of the lease
 
 
 18
 "The determination [whether a person is needed for just adjudication] is a matter of federal procedure, but in diversity cases the standards must be applied to rights and interests that are derived from, and defined by, state law." Jones Knitting Corp. v. A.M. Pullen & Co., 50 F.R.D. 311 (S.D.N.Y.1970). In this case, we look to District of Columbia law governing the parties' rights and interests. The Parks call our attention to D.C.Code Sec. 16-2101, which broadly provides that, "[f]or the purposes of action thereon, a contract or obligation entered into by two or more persons ... is deemed to be joint and several." Such statutes are common, see 2 S. Williston, A Treatise on the Law of Contracts Sec. 336A (3d ed. 1959), and have been drawn with a view to facilitating the enforcement of multi-party contracts by negating defenses based on jurisdictional impediments to the joinder of all contracting parties. See 3A J. Moore & J. Lucas, Federal Practice p 19.10 at 19-218 to 19-219 (1982); Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev. 327, 366 (1957).
 
 
 19
 District of Columbia precedent cites D.C.Code Sec. 16-2101 as conclusive authority for the joint and several liability of co-lessees who fail to pay rent. Ostrow v. Smulkin, 249 A.2d 520 (D.C.1969). We have found no published decision applying D.C.Code Sec. 16-2101 to co-lessors, but the sweeping, general terms of the statute and its apparent purpose strongly suggest that the joint and several liability rule should apply to landlords as it does to tenants. Moreover, we note that in a case related to this one, Segal Realty, Inc. v. Didden, Civ. No. 8831-81 (D.C.Super.Ct. filed June 12, 1981),[12] Didden filed a motion to dismiss similar to the one he filed here. On May 26, 1982, the Superior Court denied the motion, holding that "the other landlords are not indispensable parties."
 
 
 20
 An almost unbroken line of federal decisions holds that persons whose liability is joint and several may be sued separately in federal court. Jett v. Phillips & Associates, 439 F.2d 987 (10th Cir.1971); Broidy v. State Mutual Life Assurance Co., 186 F.2d 490 (2d Cir.1951); Greenleaf v. Safeway Trails, Inc., 140 F.2d 889 (2d Cir.), cert. denied, 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569 (1944); Wolgin v. Atlas United Financial Corp., 397 F.Supp. 1003 (E.D.Pa.1975), aff'd, Blumenfeld v. Atlas United Financial Corp., 530 F.2d 963 and 530 F.2d 966 (3d Cir.1976). But see Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co., 417 F.2d 1113 (7th Cir.1969) (dismissal of a claim against six insurers because two of the joint obligors not joined). Indeed, a district court is permitted selectively to dismiss joined defendants, for the express purpose of preserving diversity. Horn v. Lockhart, 84 U.S. (17 Wall.) 570, 579, 21 L.Ed. 657 (1873); Conolly v. Taylor, 27 U.S. (2 Pet.) 556, 7 L.Ed. 518 (1829); Ross v. International Brotherhood of Electrical Workers, 634 F.2d 453 (9th Cir.1980); Publicker Industries v. Roman Ceramics Corp., 603 F.2d 1065 (3d Cir.1979); Jett, supra, 439 F.2d at 989-90; Reed v. Robilio, 376 F.2d 392 (6th Cir.1967); Kerr v. Compagnie De Ultramar, 250 F.2d 860 (2d Cir.1958); Dollar S.S. Lines, Inc. v. Merz, 68 F.2d 594 (9th Cir.1934).
 
 
 21
 On the facts alleged by the Parks concerning Didden's 1978 refusal to consent to reassignment of the lease, we see no reasoned basis for designating the co-lessors as anything other than "proper" parties, persons whose joinder is permissive, not compulsory. See Fed.R.Civ.P. 20. Nor has Didden offered any ground to justify his invocation of Rule 19 as to this claim. His counsel addressed no response at all to the Parks' contention that D.C.Code Sec. 16-2101 renders Didden separately liable.[13]
 
 
 22
 3. The claims for recovery tied to the condemnation award
 
 
 23
 Didden's counsel does urge that his "indispensable party" argument, when trained on the claims tied to the condemnation award, is solidly grounded.
 
 
 24
 First, Didden implies that if the Parks prevail in their suit against Didden alone, and Didden pays a judgment out of the condemnation proceeds, Didden might, in later litigation, be adjudged liable to his co-lessors for the same proceeds. Such a risk of inconsistent adjudication and multiple liability is often accepted as sufficient to make an absentee claimant "indispensable." Williams v. Bankhead, 86 U.S. (19 Wall.) 563, 570-72, 22 L.Ed. 184 (1874); Ducker v. Butler, 104 F.2d 236 (D.C.Cir.1939); see 7 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1613 at 126-27 (1972) and cases cited therein. We can say, however, even on the spare record before us, that measures may be taken in this case to lessen or avoid prejudice to Didden, see Rule 19(b), and that instant dismissal of the claims was therefore improper. Discovery of the facts relevant to Didden's role in the management of the property and the receipt and distribution of the condemnation proceeds[14] may reveal that he has authority to pay an eventual judgment from the fund,[15] that the share of the proceeds indisputably allocable to Didden is adequate to satisfy the Parks' claims, or that Didden is answerable personally for all or part of the amount sought.[16]
 
 
 25
 Second, Didden suggests that proceeding without his co-lessors may undermine his right to contribution from them. These protests lose all force in light of the protection Rule 14 places within his grasp. Under that Rule, Didden may implead the absentees as persons "who [are] or may be liable to him for all or part of the plaintiff[s'] claim[s] against him." The district court would have ancillary jurisdiction over impleaded parties, thus their joinder would not destroy diversity jurisdiction. Cf. Pasco International (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 503, 505 (7th Cir.1980) (parties who may be impleaded under Rule 14 are never indispensable under Rule 19(b)). See also Challenge Homes, Inc. v. Greater Naples Care Center, Inc., 669 F.2d 667, 671 (11th Cir.1982).
 
 4. Summary
 
 26
 The laconic dismissal for nonjoinder of parties ordered by the district court is particularly bewildering because it occurred when the court knew very little about the capacity in which Didden in fact acted regarding the property and even less about the relationship of the absent landlords to the case. The Rules Advisory Committee has noted:
 
 
 27
 A joinder question should be decided with reasonable promptness, but decision may properly be deferred if adequate information is not available at the time. Thus the relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage; in such a case, it would be appropriate to defer decision until the action was further advanced.
 
 
 28
 Fed.R.Civ.P. 19 advisory committee notes on the 1966 amendments. This is the proverbial case in which haste has made waste. Rule 19 motions should be treated with greater care.
 
 C. Forum Non Conveniens
 
 29
 Didden argued in the district court, and the district judge apparently agreed, that
 
 
 30
 [in] any event, the action should be dismissed because [the district court] is a "forum non conveniens." All the claims of all parties could have been brought in the Superior Court of the District of Columbia ... without any non joinder of parties, or jurisdictional problems.
 
 
 31
 Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss 3-4. The inconvenient forum argument has not been repeated here, therefore we treat it with dispatch.
 
 
 32
 The forum non conveniens doctrine presupposes two or more tribunals open to a plaintiff;[17] it applies when the plaintiff has selected a distant place where trial will inflict undue expense and inconvenience upon the defendant. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). A doctrine concerning the locale of adjudication has no application to two tribunals situated in the same place. Forum non conveniens should not have figured in this case.[18]
 
 CONCLUSION
 
 33
 For the reasons stated, the judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.
 
 
 
 [1]
 C. Wright, Law of Federal Courts 335 (3d ed. 1976). Rule 19, sections (a) and (b) now read:
 Joinder of Persons Needed for Just Adjudication.
 (a) PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
 (b) DETERMINATION BY COURT WHENEVER JOINDER NOT FEASIBLE. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
 
 
 [2]
 See Fed.R.Civ.P. 19 advisory committee notes on the 1966 amendments ("The subdivision [Rule 19(b) ] uses the word 'indispensable' only in a conclusory sense, that is, a person is 'regarded as indispensable' when he cannot be made a party and, upon consideration of the factors [specified in the subdivision], it is determined that in his absence it would be preferable to dismiss the action, rather than to retain it.")
 
 
 [3]
 A copy of this document appears in Appendix to Appellants' Brief (hereafter App.) 15
 
 
 [4]
 The Assignment of Lease, App. 15, names four persons as assignees: plaintiff-appellants Young C. Park and Young W. Park; Young S. Park; and Chung Ja Park
 
 
 [5]
 Didden asserts that there were nineteen lessors under the lease which forms the basis of plaintiff-appellants' claims and that many more persons now have an interest in the property as heirs and descendants of heirs of deceased lessors. App. 27-28, 30-32; Transcript of October 29, 1981, hearing (hereafter Tr.) 7
 
 
 [6]
 The Judgment reads in its entirety:
 FINAL JUDGMENT OF DISMISSAL
 Upon consideration of Defendant's Motion to Dismiss, it is by the Court this 29th day of October, 1981,
 FINALLY ORDERED AND ADJUDGED that Defendant's Motion to Dismiss be, and the same hereby is granted as follows:
 
 
 [1]
 The Complaint herein be, and it is hereby, dismissed, without prejudice,* as to all parties defendant except George A. Didden, Jr. individually and George A. Didden, Jr. as Trustee under the will of Joseph Carry, deceased.
 
 
 [2]
 The remainder of the entire action be, and it is hereby dismissed with prejudice under Federal Rule of Civil Procedure 19 for failure to join necessary and indispensable parties, some of whom cannot be joined without destroying the jurisdiction of the Court under Sec. 1332 of Title 28, United States Code, there being no alternate grounds for jurisdiction under Sec. 1331 of said Title, and because this Court is "forum non conveniens"
 
 
 *
 The district court substituted "without prejudice" in place of "with prejudice" in 1. In all other respects the Judgment adopts the form submitted by Didden.
 
 
 [7]
 See supra note 4 and accompanying text
 
 
 [8]
 See Fed.R.Civ.P. 20 ("Permissive Joinder of Parties")
 
 
 [9]
 Partnership tax forms and the unconsummated agreement for the sale of plaintiff-appellants' business were attached to the complaint. App. 18-22. These documents provide some, but not full, support for the assertion that the absent assignees have no interest in this controversy. Specifically, the tax forms and sale agreement do not show that the absent assignees surrendered their leasehold interest
 
 
 [10]
 At the opening of the October 29, 1981, hearing, the district court announced: "This is scheduled for a hearing on the motion to dismiss with regard to proper defendant." (Emphasis supplied.) Tr. 2. Counsel for Didden stated in the course of argument: "We have two indispensable parties on the plaintiffs' side that are not accounted for at all." Tr. 6. No further reference was made to missing parties on the plaintiffs' side. At the conclusion of the hearing, the district judge stated that all "individuals [who signed the lease] or, if they are deceased, the[ir] representatives would have to be sued," therefore "the Court is going to dismiss [the action] for no jurisdiction." Tr. 11
 In stating that the court would dismiss "for no jurisdiction," the district judge apparently had in mind that some of the co-lessors were citizens of the same state (Maryland) as the Parks. It should be noted, however, that failure to join a party, even one determined after practical analysis to be "indispensable," is not in itself "a 'jurisdictional' defect: The court [has power to] decide the case before it even if it cannot decide the rest of the case that is not before it because [an] absentee has not been made a party." F. James & G. Hazard, Civil Procedure Sec. 9.21 at 444 (2d ed. 1977); see Fed.R.Civ.P. 19 advisory committee notes on the 1966 amendments.
 
 
 [11]
 The power was produced at the hearing on request of the district judge, who returned it to Didden's counsel at the close of the hearing without making it part of the record. See Tr. 2, 11
 
 
 [12]
 At oral argument, counsel for the Parks stated that Segal Realty involves a broker's claim against Didden and the Parks arising out of the 1978 contract to sell the plaintiff-appellants' business, the same contract that the Parks allege in their claim against Didden for unreasonably refusing consent to assignment of the lease. Segal Realty's complaint, like the Parks' in federal court, names Didden individually and as trustee for his co-lessors
 
 
 [13]
 In the case before us, dismissal of the third claim was all the more misguided since the Parks "will [not] have an adequate remedy" elsewhere. See Rule 19(b). Even when a person fits Rule 19(a)'s description and therefore should be joined if feasible, expiration of the statute of limitations counts heavily against dismissal. It appears that the District of Columbia's three year statute of limitations, D.C.Code Sec. 12-301(7), applies to, and ran on the Parks' claim after the complaint was filed in federal district court but prior to dismissal by the court. These are the relevant dates: the Parks negotiated the sale of their business on June 14, 1978; Didden refused to consent to the assignment of the lease at some unspecified time thereafter; the present action was filed in federal district court on June 10, 1981
 
 
 [14]
 Appellants allege that Didden has control over the condemnation award received from PADC. Brief for Appellants at 15
 
 
 [15]
 Cf. Isdaner v. Beyer, 53 F.R.D. 4 (E.D.Pa.1971) (suit against certain members of partnership without joining other partners of nondiverse citizenship)
 
 
 [16]
 In suggesting these possibilities, and in this opinion generally, we do not mean to imply any judgment on the ultimate merit of any of the claims the Parks present
 
 
 [17]
 We noted earlier, see supra note 13, that expiration of the statute of limitations on the claim in suit is a Rule 19(b) consideration militating forcibly against an ultimate conclusion that an absentee is "indispensable." We add here that another tribunal cannot be considered open to a plaintiff if an attempt to proceed in that tribunal would be met by a time bar. See 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3828 at 179 (1976)
 
 
 [18]
 Nor is a federal court permitted to reject a diversity jurisdiction case on the ground that garden variety issues governed by state law, for example, disputes between landlords and tenants, are more appropriately decided in state courts. Cf. Augustin v. Mughal, 521 F.2d 1215 (8th Cir.1975); Rogge v. Menard County Mut. Fire Ins. Co., 184 F.Supp. 289 (S.D.Ill.1960)