**CLOVERLEAF STANDARDBRED OWNERS ASSOCIATION, INC., Appellants,**

v.

**The NATIONAL BANK OF WASHINGTON, a banking corporation of the District of Columbia, et al.**

**No. 82–1221.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 6, 1982.

Decided Feb. 25, 1983.

---

Richard E. Rice, Baltimore, Md., for appellants. Warren K. Rich and Stephen P. Kling, Baltimore, Md., were on the brief, for appellants.

Richard T. Tomar, Washington, D.C., for appellees.

Before GINSBURG and SCALIA, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge GINSBURG.

1. Rule 19, sections (a) and (b) read:
   Joinder of Persons Needed for Just Adjudication.
   (a) PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
   (b) DETERMINATION BY COURT WHENEVER JOINDER NOT FEASIBLE. If a person as described in subdivision (a)(1)–(2) hereof cannot be made

GINSBURG, Circuit Judge:

This appeal challenges a district court order dismissing a civil action because a party "needed for just adjudication" under Rule 19 of the Federal Rules of Civil Procedure[1] could not be joined as a defendant without destroying diversity jurisdiction.[2] The matter in controversy revolves around a contract between two Maryland citizens, plaintiff-appellant Cloverleaf Standardbred Owners Association, Inc. (Cloverleaf) and Laurel Harness Racing Association, Inc. (Laurel). Cloverleaf voluntarily dismissed the complaint as to Laurel, pursuant to Fed.R.Civ.P. 41(a)(1), and sought to proceed solely against defendant-appellee, the National Bank of Washington (NBW or Bank), a District of Columbia corporation. NBW has no direct relationship to Cloverleaf, but it holds Laurel's deposit accounts and has made sizable loans to Laurel. Cloverleaf seeks satisfaction of its contract claim against Laurel by reaching funds deposited with NBW by Laurel.

Emphasizing that the agreement between Cloverleaf and Laurel is pivotal to Cloverleaf's complaint, the district court determined: 1) Laurel was "needed for just ad-

a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

2. The dismissal was ordered "with prejudice." The "prejudice" indicated by such a dismissal relates to the filing of another action between the same parties on the same claim *in federal court.* Dismissal for failure to join a party under Rule 19, like dismissal for lack of jurisdiction or improper venue, does not operate as an adjudication upon the merits. *See* Fed.R. Civ.P. 41(b); Restatement (Second) of Judgments § 20 (1982).

judication"; 2) because both Cloverleaf and Laurel were Maryland citizens and the case did not arise under federal law, joinder of Laurel was not possible; 3) in light of the particular facts and circumstances presented, dismissal was preferable to adjudication without Laurel. *See Park v. Didden,* 695 F.2d 626, 628–29 (D.C.Cir.1982). Reviewing this determination under an "abuse of discretion" standard, *see Walsh v. Centeio,* 692 F.2d 1239 (9th Cir.1982), we affirm.

## I. BACKGROUND

Cloverleaf is a Maryland organization representing owners, drivers, and trainers of harness racing horses; the absent party, Laurel, owned and operated Laurel Raceway, a harness racing track. The contract on which Cloverleaf's complaint turns provided that Laurel would pay to Cloverleaf as racing purses a fixed percentage of the betting proceeds. In turn, Cloverleaf would distribute the purses to its members, retaining a small share for administrative expenses. Cloverleaf alleges that Laurel failed to pay $32,423.70 to cover expense reimbursements due Cloverleaf, and commenced this action to recover that amount with interest.

Laurel had established several deposit accounts at NBW. In 1978 and 1979, Laurel experienced financial setbacks and borrowed, in a series of loans, a total of $4,850,-000 from the Bank. When Laurel defaulted on these loans, NBW offset the funds in Laurel's accounts against the debt. Cloverleaf contends that the Bank wrongfully included in the setoff the amount Laurel owes Cloverleaf.

The complaint in this action named both NBW and Laurel as defendants. NBW moved to dismiss the action, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. Joint Appendix (J.A.) 36–45. Complete diversity of citizenship between the parties was plainly absent since Cloverleaf and Laurel both had Maryland citizenship. To cure the absence of

complete diversity, Cloverleaf filed a notice voluntarily dismissing the complaint as to Laurel. J.A. 47. NBW then sought dismissal under Fed.R.Civ.P. 19 on the ground that Laurel was a person "needed for just adjudication" without whom the action should not proceed. J.A. 60–64. On January 29, 1982, the district court granted NBW's motion observing, *inter alia,* that "the absence of [Laurel] from a proceeding to determine the rights and obligations of Cloverleaf as they pertain to money held by [NBW] would hamper a determination by the Court since the very agreement at issue is between [Laurel] and Cloverleaf." J.A. 4. The district court stressed the absence at that time of any "readily apparent impediments to reinstitution of th[e] suit in the local court of the District of Columbia," where "Cloverleaf can obtain a determination of its rights and obligations under the agreement with [Laurel] as well as the responsibilities of [NBW] with respect to the [Laurel] accounts." J.A. 4.

## II. ANALYSIS

### A. *Standard of Review*

We address initially the degree of deference due to a district court's reasoned explanation of its decision to dismiss an action pursuant to Rule 19. The Ninth Circuit recently addressed this issue and held that *de novo* balancing should not occur on appeal; instead, the district court's application of Rule 19(b)'s "equity and good conscience" test should be reviewed under an "abuse of discretion" standard. *See Walsh v. Centeio, supra,* 692 F.2d at 1241–43; *Bakia v. County of Los Angeles,* 687 F.2d 299, 301 (9th Cir.1982).[3] We agree.

The Rules Advisory Committee has noted that the 1966 revision of Rule 19 was designed to steer analysis away from the "technical and abstract character[ization] of the rights or obligations of the persons whose joinder [is] in question," and to direct attention instead to "the pragmatic consid-

---

**3.** The Ninth Circuit noted in *Centeio* that "the vast majority of appellate decisions ... under Rule 19(b) ... contain no reference to any standard of review whatever." 692 F.2d at 1241.

erations which should be controlling." Fed. R.Civ.P. 19 advisory committee notes on the 1966 amendments. The Rule, as revised, does eliminate district court discretion to dismiss for nonjoinder simply because an absentee fits Rule 19(a)'s description. District judges are plainly instructed to continue on to the Rule 19(b) determination "whether in equity and good conscience the action should proceed among the parties before [the court], or should be dismissed, the absent person being regarded as indispensable." [4] This Rule 19(b) language "leaves the district judge with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute." 7 C. Wright & A. Miller, Federal Practice and Procedure, § 1604 at 45–46 (1972). As the Ninth Circuit observed, the ultimate question Rule 19(b) poses is not "a purely legal issue"; it calls for the exercise of "judgmental discretion." A district judge, "closer to the arena," is often better situated than is an appellate panel "to survey the practicalities involved in the litigation." *Walsh v. Centeio, supra,* 692 F.2d at 1242 (quoting *Broussard v. Columbia Gulf Transmission Co.,* 398 F.2d 885, 889 (5th Cir.1968)).

We do not stray today from this court's recent opinion in *Park v. Didden, supra,* in which we did not reach the "abuse of discretion" or *de novo* review issue. The district court in *Park,* without attempting any reasoned explanation, had dismissed an action "for failure to join necessary and indispensable parties." Concluding that the district court had "misunderstood and

therefore misapplied" Rule 19, *id.,* 695 F.2d at 627, we reversed the dismissal order. Intelligent exercise of "judgmental discretion" was not possible in *Park* because the district court misread the Rule. Here, however, the district judge proceeded as the Rule instructs and looked, finally, to Rule 19(b)'s "equity and good conscience" test. When the decision by the court of first instance reflects a clear understanding that the Rule calls for practically-oriented consideration of the competing interests at stake, we should not balance the equities anew. Instead, we should proceed as a court of review and respect the district court's evaluation if we discern no abuse of discretion.[5]

## B. *The Merits*

### 1. Cloverleaf's unsupported assertions in the district court.

Over two months after NBW sought dismissal of the action under Rule 19, Cloverleaf filed a memorandum, dated January 8, 1982, in which it added to other arguments against dismissal the assertion that "Laurel is defunct, and at most at shell corporation." J.A. 77. Cloverleaf further suggested that Laurel is perhaps owned by NBW, citing "speculation" that NBW holds "a substantial portion of the [Laurel] stock by virtue of foreclosure on defaulted loans, secured by stock." J.A. 77. Cloverleaf presented nothing to document the assertion that "Laurel is a defunct shell without resources or assets," J.A. 78 n. 4, and the district court rejected the "unsupported and unverified" allegation as "a statement upon which the Court cannot rely." J.A. 4 n. *.

---

**4.** The Supreme Court stressed in the leading decision on the approach Rule 19 requires, *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–743, 19 L.Ed.2d 936 (1968):

The decision whether to dismiss (i.e., the decision whether the person missing is "indispensable") must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.

**5.** We recognize that there are cases in which Rule 19 does not figure in a district court's decision but becomes an issue on appeal in conjunction with a jurisdiction or venue challenge pursued by one or more of several defendants. In such cases, the court of appeals may independently apply Rule 19 or it may remand to the district court for initial consideration of the Rule's application. *See* Walsh v. Centeio, *supra,* 692 F.2d at 1241–42.

In the same January 8 submission, Cloverleaf alleged for the first time that it "already ha[d] secured a judgment against Laurel ... in a state court proceeding," J.A. 78, but "ha[d] been unable to execute on this judgment." J.A. 78 n. 4. Five days later, however, Cloverleaf reported to the district court that it had made an inadvertent error. J.A. 82–83. In fact, Cloverleaf said, Laurel had defaulted in the state (Maryland) action, but Cloverleaf did not "have a default judgment entered"; instead, Cloverleaf "abandoned" the case when NBW, named as a co-defendant, "secured a dismissal on jurisdictional grounds." It would have been futile, Cloverleaf claimed, to "secur[e] a default judgment against Laurel." J.A. 82.

On appeal Cloverleaf again referred to Laurel's "defunct" or bankrupt status and the suspicion that NBW owned "a substantial portion of the stock of Laurel." Appellant's Brief at 13 n. 5; Reply Brief at 3. After oral argument, we granted Cloverleaf's request for leave to file supplemental material and received two documents: (1) a copy of a certificate from the Maryland Department of Assessments and Taxation, dated December 3, 1982, stating that Laurel's charter "was annulled ... as of October 7, 1981, for failure to file the necessary reports and/or pay the taxes due thereon";

and (2) a copy of an April 1, 1980, order of the Circuit Court for Howard County, Maryland, in a case titled *Cloverleaf Standardbred Owners Association, Inc. v. Laurel Harness Racing Association, Inc.*, No. A10155, entering judgment against Laurel for $25,732.43 plus interest.

It is apparent that the information contained in these documents was available to Cloverleaf while the case was pending in the district court. Cloverleaf offers no justification for its failure to present the documents, or other official material, to the district judge for consideration in conjunction with NBW's request for a Rule 19 dismissal. Instead, Cloverleaf rested on statements tendered without a shred of documentary support. The district judge properly disregarded such unsupported statements in its January 29, 1982, decision,[6] and we limit our review to the case as it was presented to the district court.[7]

## 2. Laurel as a "necessary" party.

■ Under Rule 19(a),[8] a person is "to be joined if feasible" if (1) complete relief cannot be accorded in its absence; or (2) the absentee's ability to protect its interests may be impaired by the disposition of the action; or (3) those already parties will be subject to a substantial risk of incurring

---

**6.** There was limited discovery in this case: Cloverleaf served NBW with a set of interrogatories and requested production of documents, but NBW refused to answer any interrogatories or produce any documents relating to its relationship with Laurel, asserting the confidential nature of such information.

Cloverleaf now urges, more forcibly than it did in the district court, that further discovery was warranted prior to the Rule 19 dismissal decision. Cloverleaf's situation is analogous to that of a party opposing a motion for summary judgment who claims that he requires further time for investigation and discovery in order to present facts essential to justify opposition to the motion. Under Fed.R.Civ.P. 56(f), a party so situated "must state by affidavit why he is unable to present the necessary opposing material." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2740 at 530 (2d ed. 1983). Bare, unverified allegations will not do. Cloverleaf, at the very least, should have submitted to the district court the documents it tendered post-argument on appeal.

No discovery from NBW was required to obtain information about the annulment of Laurel's charter in 1981, or to locate the 1980 default judgment that Cloverleaf itself had secured. By affidavit, moreover, Cloverleaf might have explained why it could not obtain, absent further discovery from NBW, any additional corroborating information, if indeed facts not in this record would support such an explanation.

**7.** Under Fed.R.Civ.P. 60(b), a party may seek district court relief from a final judgment for specified reasons. Cloverleaf made no 60(b) motion and no basis for relief under that Rule occurs to us. Cloverleaf cannot claim "excusable neglect," or assert that the documents submitted after argument of the appeal constituted "newly discovered evidence which by due diligence could not have been discovered" in time to oppose dismissal in the district court.

**8.** For the full text of Rule 19(a), see *supra* note 1.

inconsistent obligations because of the absence. Cloverleaf virtually concedes that Laurel fits Rule 19(a)'s description by admitting that "[t]he central issue at trial will be whether the funds on deposit [with NBW] belonged to Cloverleaf, or were owned by Laurel," Appellant's Brief at 9, and that "evidence regarding the nature of the banking relationship between Laurel and NBW will be central to resolution of this dispute." *Id.* at 10. All three Rule 19(a) concerns are implicated when the person whose obligation is centrally at issue is missing from the action.

3. Laurel as an "indispensable" party.

Rule 19(b),[9] the Supreme Court said in *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), indicates four interests relevant to the ultimate determination in each case "whether, in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled." *Id.* at 109, 88 S.Ct. at 737.[10] As cited by the district court in this case, the *Provident Bank* list directs courts to examine: (1) the plaintiff's interest in having a forum; (2) the defendant's interest in avoiding inconsistent relief or multiple litigation; (3) the interest of the absent party in protecting his rights; and (4) the interest in complete, consistent, and efficacious settlement of the controversy. J.A. 3–4.

The district court gave prime place, as the Supreme Court did in *Provident Bank,* to the first factor, and underscored the apparent availability of "the local court of the District of Columbia" for Cloverleaf's complaint against Laurel and the Bank. J.A. 4; *see supra* p. 1276.[11] This factor, the Supreme Court pointed out, assumes larger proportion when dismissal is sought, as it was here, at an early, pre-trial stage of the litigation. We noted in *Park v. Didden, supra,* 695 F.2d at 631 n. 13, that where a plaintiff "will not have an adequate remedy elsewhere" because the statute of limitations has run, district courts should ordinarily retain the case and not dismiss it pursuant to Rule 19(b). On January 29, 1982, when the district court dismissed this action, a reinstituted suit in the local court of the District of Columbia apparently would have been timely.[12] Cloverleaf does not argue otherwise. If the limitation period has run during the pendency of this appeal, the time bar is attributable to Cloverleaf's lapse, and not to the district court's order.

The district court next emphasized that "the very agreement at issue is between [Laurel] and Cloverleaf." J.A. 4. Absent Laurel's participation the interests of both Laurel and the Bank might be detrimentally affected, and there could be no complete settlement of the controversy.[13] The latter

---

**9.** For the full text of Rule 19(b), see *supra* note 1.

**10.** The Court noted that, for convenience, its listing followed the order in Reed, *Compulsory Joinder of Parties in Civil Actions,* 55 Mich.L. Rev. 327, 330 (1957), rather than the order in Rule 19(b). 390 U.S. at 109 n. 2, 88 S.Ct. at 737 n. 2.

**11.** Cloverleaf urges, based on the order of the listing in Rule 19(b), that the "availability of an alternative forum" consideration "comes into play," if at all, only after examination of the first three factors listed in the text of Rule 19(b)." Reply Brief at 6–8. It is evident from *Provident Bank* that the Rule does not call for such ordering by rank. *See* 390 U.S. at 109, 118–19, 88 S.Ct. at 737, 742–743. The four enumerated factors do not have independent significance; they serve as guides to the over-

arching "equity and good conscience" determination.

**12.** Cloverleaf asserted that NBW wrongfully set off racing purpose monies against Laurel's debt to the Bank on or about October 1, 1979, J.A. 10. *See* D.C.Code § 12–301 (three-year limitations period for actions on a contract or for any unenumerated action).

**13.** In *Park v. Didden, supra,* 695 F.2d at 632, we pointed out that a defendant may implead an absentee "who is or may be liable to him for all or part of the plaintiff's claim against him," Fed.R.Civ.P. 14(a), and that the district court would have ancillary jurisdiction over the third-party claim. While NBW here might have impleaded Laurel, Cloverleaf, as the district court recognized, J.A. 5, could not piggy-back on such a third-party complaint to assert a claim against Laurel. *See Owen Equip. & Erection*

interest, the Supreme Court observed in *Provident Bank,* has a public dimension; "the courts and the public" have a stake "in settling disputes by wholes, whenever possible." 390 U.S. at 111, 88 S.Ct. at 738.

Summarizing its examination, the district court stated that "the policy concerns underlying Rule 19 will not be frustrated by requiring [Cloverleaf] to pursue this action in local court in the District of Columbia which is the proper forum for resolution of this dispute." J.A. 4.[14] We find no abuse of discretion in that evaluation. On the contrary, when a district judge adverts to the relevant considerations and engages in a careful, pragmatically-oriented analysis to determine whether a person who cannot be joined as a party is "needed for just adjudication," an appellate panel should generally respect the "judgmental discretion" exercised by the court of first instance. *See supra* p. 1277.

### CONCLUSION

The district court, exercising sound discretion, considered the factors listed in Rule 19 and determined that Laurel was a person "needed for just adjudication" and that the action should not proceed in Laurel's absence. Since Laurel's joinder as a defendant would have destroyed the sole jurisdictional basis for bringing the controversy to a federal tribunal, the district court properly dismissed the action. For the reasons stated, we hold that no abuse of discretion taints the judgment before us for review. Accordingly, the judgment of the district court is

*Affirmed.*

Co. v. Kroger, 437 U.S. 365, 374–76, 98 S.Ct. 2396, 2402–2403, 57 L.Ed.2d 274 (1978) (plaintiff cannot circumvent "statutory requirement of complete diversity by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants").

14. In contrast to Park v. Didden, *supra,* where the controversy centered on the actions of parties who were of diverse citizenship, the contract on which this action is dependent is between citizens of the same state.