## SADLER v. SADLER.
### No. 11715.

Circuit Court of Appeals, Ninth Circuit.
March 31, 1948.

Rehearing Denied April 30, 1948.

H. R. Cooke and John D. Furrh, Jr., both of Reno, Nev., for appellant.

Springmeyer & Thompson, of Reno, Nev., for appellee.

Before DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Clarence Sadler, a citizen of California, brought an action in the district court of Nevada against Edgar Sadler and the administratrix of the estate of Alfred Sadler, citizens of Nevada, seeking to have defendant declared trustee of certain real and personal property located in Nevada and for an accounting. The suit was dismissed as to the administratrix. The jurisdictional amount was admitted. The district court gave judgment for plaintiff that Ed-

**2**

gar Sadler was the trustee of the property for the heirs of Reinhold Sadler in the shares to which each may be entitled under the terms of Reinhold's will.

Reinhold Sadler's heirs were his wife, who died intestate before the present proceeding, and five children. Two of these are living and parties to the present suit, Clarence, the plaintiff, and Edgar, the defendant. Others are Edgar L. Plummer, a grandson, son of a deceased daughter, Wilhelmina. Two other daughters died intestate. The exact interest of each of these, it will be seen, is not relevant to the appeal.

The property in dispute is the Diamond Valley Ranch, Nevada, and livestock, equipment, etc., located upon it. The land was originally owned by a corporation in which Reinhold Sadler held shares of stock. Reinhold died in 1906, leaving a will, but administration has never been completed upon his estate.

In 1915, the corporation brought a quiet title suit against the parties here, the administratrix of Reinhold's estate and others. On February 18, 1918, all parties stipulated that Edgar and Alfred should be decreed the owners of the Diamond Valley Ranch, in return for certain money to paid by them to the corporation.

On March 2, 1918, the court in the quiet title action entered judgment "in accordance with the stipulation," quieting title to the ranch in Alfred and Edgar. On the same day, the ranch and cattle were mortgaged to pay off the corporation according to the terms of the settlement with it. Also on the same day, a written agreement was signed by Alfred and Edgar. The agreement purports to be made among Edgar, Alfred, Bertha, Louisa and Clarence. It is written in longhand upon lined letter paper, and reads as follows:

"That as soon as possible the mortgage on the Diamond Ranch in Diamond Valley, Eureka County, Nevada be lifted the lawyers fees paid and that the first good chance for the best price possible this aforesaid ranch or property be sold and then that the remainder of the money be divided according to the last will and Testament of Reinhold Sadler, deceased—

"Mother desired fifty dollars each month that is by the 10th of each month.

"A settlement of the ranch cattle with the same terms of the will."

Alfred died on March 5, 1944. Edgar then repudiated the trust. This action was commenced shortly afterwards. It was this agreement which the court held created the trust of which the appellant is the trustee. An accounting was ordered, and the defendant was directed to sell the real property within six months. Jurisdiction was retained "to hear, consider and determine applications on the part of beneficiaries other than the plaintiff to share in the trust property."

■ Appellant contends that the instrument is not a valid agreement because signed only by the two trustees. We do not agree. A trust agreement need not be signed by the beneficiaries of the trust. The evidence amply supports the court's holding of the trust nature of the writing so made contemporaneously with the stipulated judgment giving the title to the appellant and his brother.

■ Appellant contends that the court was without jurisdiction to determine the existence of the trust because three of the heirs of Reinhold, Edgar L. Plummer, a grandson, and the legal representative of the estate of Louisa Sadler, Reinhold's wife, and Bertha Sadler, his daughter, were not joined as parties. We do not agree. The interests of the beneficiaries are not joint. That one or more beneficiaries may have a trust declared in his or their favor as well as in favor of persons not parties does not make the absent persons indispensable or even necessary parties. The complaint sought and the court found nothing adverse to them. cf. Federal Rules of Civil Procedure rule 19, 28 U.S. C.A. following section 723c; Atwood v. National Bank of Lima, 6 Cir., 115 F.2d 861, 863.

The quantum of the interest of the absent parties in the estate of the trust in their favor presents another question, as shown by the several cases cited by appellant. However, that question was reserved by court's judgment, no doubt until all the heirs are made parties or until compliance

with Rule 19. Here the judgment was so framed that the interests of the absent beneficiaries are protected. Payne v. Hook, 7 Wall. 425, 431, 19 L.Ed. 260; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 49, 30 S.Ct. 10, 54 L.Ed. 80.

The court found that the plaintiff, Clarence, was entitled to 29% of the estate. Appellant contends this is an amount disproportionate to what he regards as the cocqual share of the other heirs and beneficiaries, and hence the judgment must be reversed in its entirety. We do not agree. The finding is not binding on the absent beneficiaries nor on appellant, when the reserved determination of the participancies of the trust estate is litigated.

Appellant contends that the appellee had notice of appellant's repudiation of the trust in 1937 and that his suit was barred by laches. Correspondence between the heirs and appellant, then and subsequently, sustain the district court's holding that there had been no such repudiation and no laches. In The Kermit, 9 Cir., 76 F.2d 363, 367, we stated: "As the decisions indicate, the question of laches is addressed to the sound discretion of the trial judge, and his decision will not be disturbed on appeal unless it is so clearly wrong as to amount to an abuse of discretion. In this case we cannot say that the lower court abused its discretion."

Appellant contends that the estate of Reinhold Sadler has an interest in the ranch; that it is in custodia legis of the Nevada Court; and that the United States district court has no jurisdiction to declare a trust with respect thereto. There is no merit to the contention. Reinhold had no more than shares of stock in the corporation owning the ranch. The administratrix of his estate was a party to the suit to quiet title to it and she joined in the stipulation in that case that Edgar and Alfred should be adjudged to hold title to the ranch, and that "none of the other parties to this action [including herself as administratrix] have any right, title, interest or estate in said property or any part thereof."

The judgment is affirmed.