692 F.2d 1239
 Kaikilani Robinson WALSH, Susanna Boekenoogen, and Aileen
Kragness, Plaintiffs-Appellants,
v.
Mildred T. CENTEIO, Herman G.P. Lemke, Chinn Ho, and Capital
Investment of Hawaii, Inc., Defendants-Appellees.
 No. 81-4123.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 9, 1982.
Decided Nov. 2, 1982.
 
 William F. Quinn, Goodsill, Anderson & Quinn, Honolulu, Hawaii, for plaintiffs-appellants.
 Frank D. Gibson, Jr., Rosemary T. Fazio, Honolulu, Hawaii, argued, for defendants-appellees; D. Scott MacKinnon, John Jubinsky, Honolulu, Hawaii, on brief.
 Appeal from the United States District Court for the District of Hawaii.
 Before MERRILL, GOODWIN and ANDERSON, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 Plaintiffs appeal from the dismissal of this action for nonjoinder of indispensable parties under Fed.R.Civ.P. 19(b).[1] Plaintiffs, residents of Oregon, are three of five beneficiaries under five inter vivos and five testamentary trusts. Two Hawaii residents are beneficiaries of the remaining two inter vivos and two testamentary trusts. Defendants Centeio, Lemke, and Ho, also residents of Hawaii, are trustees of all ten trusts. Defendant Capital Investment of Hawaii, Inc. (hereinafter "CIH") is a corporation organized under Hawaii law in which defendant Ho holds an ownership interest. Jurisdiction is grounded on diversity of citizenship. 28 U.S.C. Sec. 1332(a)(1).
 
 
 2
 The precise nature of the ten trusts is of key importance to this appeal. The instruments creating the inter vivos and testamentary trusts specifically require that each trust be separate and distinct from any other.[2] The beneficiary of each trust is entitled to separate income under separate accounts. The corpus of each trust consists primarily of a separate fractional interest in the undivided whole of various real property located in Hawaii.
 
 
 3
 The instruments also provide, however, for joint administration and management of the several trusts, specifically with respect to the trustees. The Indenture of Trust requires that "there shall at all times be three and the same Trustees of all of the trusts by this Indenture of Trust created." The will devises certain property in trust jointly to the three trustees, and directs that "[t]here shall at all times be ... three Trustees of all the trusts by this will created."
 
 
 4
 Plaintiffs filed suit in the United States District Court for the District of Hawaii, alleging various instances of mismanagement, self-dealing, and breaches of fiduciary duty by the trustees. Plaintiffs also allege that trust funds were invested in and loans made to CIH without the knowledge and consent of beneficiaries. Plaintiffs sought removal of the trustees, surcharges, damages, and establishment of a constructive trust as to monies earned by CIH through dealings with the trust.
 
 
 5
 Defendants moved to dismiss the action for nonjoinder of indispensable parties, namely, the Hawaii beneficiaries. The district court granted defendants' motion, reasoning that although the settlor clearly established ten separate trusts, he also intended an overall plan whereby the trusts would be administered "in a unified manner" with "one group of trustees." The court then stated:
 
 
 6
 "The beneficiaries who have not joined in this action are indispensable parties if this intent of the settlor is not to be frustrated. Failure to join them makes it impossible to grant total relief in this matter in terms of removing these trustees and appointing new ones. This is because those beneficiaries, in a subsequent action in this or another Court, could challenge the right and authority of the successor trustees, if appointed, to administer their individual trust estates. In addition they could petition the Court to appoint other individuals as trustees. If there is not unitary administration by way of one set of trustees, each and every beneficiary could petition for a separate set of trustees. Such consequences and the possible results would be destructive of the settlor's intent."
 
 I. STANDARD OF REVIEW
 
 7
 The parties disagree on the applicable standard of reviewing dismissals under Rule 19(b). Defendants advance the abuse of discretion standard, while plaintiffs contend the issue is one of law subject to de novo review. Since briefing and oral argument in this case, we decided Bakia v. County of Los Angeles, 687 F.2d 299 (9th Cir. 1982) (per curiam), where we held for the first time that abuse of discretion is the appropriate standard of review in Rule 19 cases. Because we feel the outcome of the instant case turns on the standard of review, we provide further rationale for applying the abuse of discretion standard.
 
 
 8
 In support of their argument for de novo review, plaintiffs observe that a number of appellate courts, including the Ninth Circuit, have raised the indispensability issue sua sponte. See, e.g., Fidelity & Casualty Co. v. Reserve Insurance Co., 596 F.2d 914 (9th Cir. 1979); Anrig v. Ringsby United, 591 F.2d 485 (9th Cir. 1978), revised on denial of rehearing and rehearing en banc, 603 F.2d 1319 (1979). We do not read these cases as either mandating application of the de novo standard or requiring the indispensability issue to be raised sua sponte in every case. We independently analyzed Anrig under Rule 19 to determine if certain defendants could be dismissed out in order to preserve proper venue. Anrig, 591 F.2d at 591-92. In Fidelity, we held that jurisdiction was lacking under 28 U.S.C. Sec. 1345 and we analyzed the case sua sponte under Rule 19 to determine the existence of an alternative basis for jurisdiction. Fidelity, 596 F.2d at 916-18. In those cases, this court applied Rule 19 independently because the district courts had failed to do so; it does not follow that when the district court does apply Rule 19 we must independently review that application. In most cases, we prefer instead to defer to the district court's discretion. Thus, in Sams v. Beech Aircraft Corp., 625 F.2d 273, 278 (9th Cir. 1980), we refused the parties' request to apply Rule 19(b) sua sponte, instead remanding "to the district court for it to exercise its discretion and give complete balance to the competing equities under Rule 19(b)" (footnote omitted).
 
 
 9
 Plaintiffs also cite numerous cases, and we have found others, in which appellate courts have reversed lower court decisions relating to indispensability without stating that the trial judge had abused his discretion. See, e.g., Bonnet v. Trustees of Schools, 563 F.2d 831 (7th Cir. 1977); Prescription Plan Service Corp. v. Franco, 552 F.2d 493 (2d Cir. 1977); Federal Resources Corp. v. Shoni Uranium Corp., 408 F.2d 875 (10th Cir. 1969). Indeed, the vast majority of appellate decisions in this court and others engage in an independent analysis under Rule 19(b) and contain no reference to any standard of review whatever. E.g., Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee, 662 F.2d 534 (9th Cir. 1981); United States v. Navajo Freightlines, Inc., 525 F.2d 1318, 1322 (9th Cir. 1975). Aside from Bakia, we have found only one case squarely addressing the standard of review under Rule 19(b), and it did so in a footnote. In Pasco International (London) Ltd. v. Stenograph Corp., 637 F.2d 496 (7th Cir. 1980), the court, after concluding that the district court had "erred" in dismissing under Rule 19(b), noted:
 
 
 10
 "We are mindful that we are reviewing a matter arguably within the discretion of the district court. This is the apparent standard of review set out in Hansen v. Peoples Bank of Bloomington, 594 F.2d 1149, 1150 (7th Cir. 1979). Other Seventh Circuit decisions have reversed findings of indispensability, however, without stating that the district court judge abused his discretion. See, e.g., Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc., 565 F.2d 450 (7th Cir. 1977), cert. denied, 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978); Bonnet v. Trustees of Schools of Township 41 North, 563 F.2d 831 (7th Cir. 1977). A Rule 19(b) determination is not one that obviously requires such deference to the district court although we are willing to accept this standard for our review of this case."
 
 
 11
 Pasco, 637 F.2d at 505-06 n. 22.[3] Other courts allude to abuse of discretion as the appropriate standard of review, while at the same time engaging in their own independent analyses. For example, in Broussard v. Columbia Gulf Transmission Co., 398 F.2d 885 (5th Cir. 1968), the court, after evaluating the case in light of Rule 19, stated:
 
 
 12
 "We therefore find that in equity and good conscience the district court correctly exercised its discretion by dismissing the suit. We add, moreover, that the pragmatical approach elevates the role of judgmental discretion in the joinder problem. While this discretion may not have the constrictions of a clearly erroneous rule, we must be mindful that the district judge is closer to the arena and is often in a better position to survey the practicalities involved in the litigation."
 
 
 13
 Id. at 889. See also Kamhi v. Cohen, 512 F.2d 1051, 1055 (2d Cir. 1975) ("we will try to employ Judge Hand's pragmatic approach to determine whether Judge Neaher's discretion was properly exercised"); Glenny v. American Metal Climax, Inc., 494 F.2d 651, 653 (10th Cir. 1974) ("we must determine the importance of each factor on the facts of each particular case and in light of equitable considerations. In making this determination we recognize that operation of Rule 19(b) depends to a large degree on the careful exercise of discretion by the district court").
 
 
 14
 Notwithstanding the paucity of definitive authority on this subject, we are convinced that the abuse of discretion standard should apply. As the Supreme Court recognized in Provident Trademens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), there is no prescribed formula for determining indispensability. "The decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." Id. at 118-19, 88 S.Ct. at 742-43, 19 L.Ed.2d at 950. Thus, Rule 19(b) requires the district court to analyze various equitable considerations within the context of particular litigation, rather than to decide a purely legal issue.
 
 
 15
 In addition, we find guidance in the legislative history behind the 1966 amendment to Rule 19. According to Professors Wright and Miller:
 
 
 16
 "Prior to 1966, Rule 19 contained a provision that gave the court discretion to proceed with a case when necessary parties could not be joined. Several courts interpreted this language as giving them discretion to dismiss for nonjoinder of necessary parties. The 1966 amendment deleted this provision, giving rise to the inference that the rulemakers meant to eliminate the court's discretion to dismiss for the nonjoinder of someone falling within the Rule 19(a) test who is not regarded as indispensable under Rule 19(b). This conclusion seems sound and consistent with the view that the philosophy of the present rule is to avoid dismissal whenever possible. The discretion exercised under the original rule appears to have been superseded by the specific language in Rule 19(b) requiring a court to 'determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being regarded as indispensable.' As a practical matter, there has not been significant change in the trial court's power. The quoted passage still leaves the district court with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute."
 
 
 17
 7 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1604, at 44-46 (1972) (footnotes omitted). We interpret the 1966 amendment as removing the court's discretion to proceed when the absent person is indispensable, or, conversely, to dismiss when the absentee is not indispensable. We hold, however, that the determination whether the action should proceed without the absentee, and therefore the determination of indispensability itself under Rule 19(b), remains in the sound discretion of the trial judge.
 
 II. THE MERITS
 
 18
 We must first decide whether the district court abused its discretion[4] in determining that the Hawaii beneficiaries were "persons to be joined if feasible" under Rule 19(a). We hold it did not. As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets. G. Bogert & G. Bogert, Trusts & Trustees Sec. 522, at 36 (rev. 2d ed. 1978); 3A J. Moore & J. Lucas, Moore's Federal Practice p 19.08, at 19-191 (2d ed. 1982); Annot., 22 A.L.R.Fed. 765, at Sec. 19 (1975); Annot., 9 A.L.R.2d 10 (1950). That general rule does not necessarily apply when a settlor creates separate trusts for each beneficiary--as is the case here--because absent beneficiaries' interests would generally be unaffected in a proceeding brought by beneficiaries of other trusts. The trusts before us are peculiar, however. The settlor not only created separate trusts for each beneficiary, he also specified that the trusts be administered in a uniform manner by one set of trustees. These are not ten separate trusts that just happen to have common trustees; the instruments creating the trusts specifically mandate the common trustees. In light of the settlor's intent and the fact that the relief sought included removal of the trustees, the district court determined that the "complete relief" contemplated by Rule 19(a)(1) could not be accorded absent the Hawaiian beneficiaries. The court was faced with either removing and replacing the trustees of all ten trusts, four of which trusts were not before the court; or removing and replacing the trustees of the six trusts before it and frustrating the settlor's expressed intent. Either course could subject the trustees to multiple litigation. Under these circumstances, we find no error in the court's determination that the Hawaiian beneficiaries were persons whose joinder was desirable under Rule 19(a).
 
 
 19
 Much of our discussion under Rule 19(a) is germane to the four considerations listed in Rule 19(b). For example, the first factor in Rule 19(b) concerns the extent to which a judgment rendered in the person's absence may prejudice him or those already parties. The district court gave consideration to the possibility of prejudice in reaching its initial decision that the Hawaiian beneficiaries were needed for just adjudication. The court saw potential prejudice to the absent beneficiaries' interests in enjoying uniform administration over all ten trusts. Although that prejudice is concededly minimal and remote, on balance it weighs in favor of dismissal because dismissal would result in virtually no prejudice to the plaintiffs.[5]
 
 
 20
 Our prior discussion essentially covers considerations three (adequacy of judgment) and four (adequate alternative remedy) of Rule 19(b) as well. The district judge determined that any judgment rendered in the absence of the Hawaiian beneficiaries would be inadequate because the settlor's intent would be thwarted. Whether that conclusion is correct or not, we see no abuse of discretion in dismissing under these facts where plaintiffs clearly have an adequate state court remedy. As to consideration two, we are unable to determine whether the district court explored protective measures or alternative forms of relief, because the Order contains no findings or reasoning in this regard. Nevertheless, deferring to the district court's discretion in light of Rule 19(b)'s other factors, we do not believe the failure to consider prejudice-avoidance measures dictates reversal. We do, however, take this opportunity to instruct district courts that adequate findings and explanations on the record are essential under Rule 19 if we are to competently apply the abuse of discretion standard. Bakia, 687 F.2d 299 (9th Cir. 1982) (per curiam). See also Wright v. First National Bank, 483 F.2d 73, 75 (10th Cir. 1973) (district court failed to comply with the rule when it dismissed by simply saying, "complete relief cannot be afforded the remaining parties for all the reasons set out in Rule 19, F.R.C.P.").
 
 
 21
 We also raise an additional important factor supporting dismissal. See Fed.R.Civ.P. 19 advisory committee note ("The factors are to a certain extent overlapping, and they are not intended to exclude other considerations which may be applicable in particular situations."). In several cases, including Provident Tradesmens, the courts have emphasized the public interest in preserving a fully litigated judgment, hesitating to find absent persons indispensable when "the time and expense of a trial have already been spent." Provident Tradesmens, 390 U.S. at 111, 88 S.Ct. at 738, 19 L.Ed.2d at 946. In Provident Tradesmens, the Court instructed: "[The successful parties'] interest in preserving a fully litigated judgment should be overborne only by rather greater opposing considerations than would be required at an earlier stage when the plaintiffs' only concern was for a federal rather than a state forum." Id. at 112, 88 S.Ct. at 739, 19 L.Ed.2d at 946. Dismissal in the instant case occurred "at an earlier stage." Although the case had been filed for seven months, only preliminary discovery had been undertaken and no trial date had been set. Thus, very little duplication of effort would be necessary if the case were refiled in state court.
 
 
 22
 We recognize that the weight of authority is probably against dismissal for nonjoinder of all trust beneficiaries when only the administration of the trust is at issue.[6] See Rippey v. Denver United States National Bank, 260 F.Supp. 704 (D.Colo.1966) (involving an excellent analysis of a case very similar to this under Rule 19); Annot., 21 A.L.R.Fed. 12, at Sec. 21 (1974). However, given the peculiar nature of the trusts here we find no abuse of discretion in the court's dismissal under the "equity and good conscience" test of Rule 19(b). The Order is
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 Rule 19(a) and (b) provide as follows:
 "(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
 "(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
 
 
 [2]
 The Indenture establishing the inter vivos trusts directs the trustees to "divide the trust property into six (6) separate trust estates and to keep the accounts of each separate and distinct from those of any other." The will establishing the testamentary trusts provides: "Although my intention as to the above trusts is apparent from the language used in creating them, yet, that there may be no doubt or uncertainty upon the matter, I now declare that all said trusts are separate and distinct, that the accounts of each to be kept by the Trusts are to be kept separate from those of any other."
 
 
 [3]
 Citing no supporting authority, the Hansen court had mentioned the district court's discretion only as a conclusion before launching into its own independent analysis under Rule 19(b), stating, "[w]e are convinced that the district court properly exercised its discretion under Rule 19 to dismiss the action." Hansen, 594 F.2d at 1150
 
 
 [4]
 Although our foregoing analysis dealt primarily with the standard of review under Rule 19(b), Bakia teaches that the trial court's determination under Rule 19(a) as well should not be reversed absent abuse of discretion
 
 
 [5]
 Plaintiffs fear that because they are Oregon residents, "outsiders to Hawaii society" in their words, the state courts of Hawaii could not remain neutral and impartial. That possibility has always been the traditional and historical justification for diversity jurisdiction, but it does not weigh heavily in the balance. Rule 19 explicitly contemplates that loss of diversity jurisdiction shall not preclude dismissal where indispensable parties are absent. Moreover, we believe the Hawaii state court is perhaps a superior forum for resolving questions of local trust law
 
 
 [6]
 Plaintiffs contend that our decision today overrules Sadler v. Sadler, 167 F.2d 1 (9th Cir. 1948). Sadler is distinguishable. The issue there was whether a certain written agreement had created a trust. This court held that all persons named in the agreement need not be present in order for the court to determine that the trust existed. The court noted that joinder of all beneficiaries would have been necessary for determination of the respective interests; however, the district court had reserved judgment on the quantum of each beneficiary's interest until the absent beneficiaries were joined, thus framing the judgment to protect the absent beneficiaries. Id. at 2-3