David W. FAUNCE, Plaintiff,

v.

Michael J. BIRD, Daniel F. Hughes, Richard K. Lane, Frank C. Rote III, Ladonna S. Wetmore, Martin Shacker, Thomas Gallo, Theodore Dragon, Andre Tkatchenko, and Michail Sidorov, Defendants.

CV 01–1048–BR.

United States District Court,
D. Oregon.

Jan. 14, 2002.

David W. Faunce, Represa, CA, for Plaintiff, Pro Se.

Joseph C. Arellano, Heather A. Young, Kennedy, Watts, Arellano & Ricks LLP, Portland, for Defendants Bird, Huges, Lane, Rote, and Wetmore.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on the Motions to Dismiss Pursuant to FRCP 12 of Defendants Bird, Hughes, Lane, Rote, and Wetmore (# 15); plaintiff's Motion to Strike (# 33); Plaintiff's Motion for TRO and Injunction Removing Current Trustees and Appointing New Trustees (# 36) pursuant to Fed.R.Civ.P. 65(a); and Plaintiff's Request for Entry of Default Judgment (# 37, # 38).[1]

Prior to consideration of any motion, the Court confirms it has jurisdiction over the action. The Court, therefore, considers Plaintiff's assertion that the Court has subject matter jurisdiction over this action on the basis of diversity of citizenship. The Court notes, however, Plaintiff's claims intricately involve his absent co-beneficiary whose joinder would destroy diversity. Accordingly, the Court, on its own motion, addresses the threshold question whether Robert Faunce is an indispensable party under Fed.R.Civ.P. 19 and whether this matter should proceed in his absence.

For the reasons that follow, the Court, on its own motion, **DISMISSES without prejudice** Plaintiff's First Amended Complaint (# 6) for nonjoinder of an indispensable party pursuant to Fed.R.Civ.P. 19(b). The Court, therefore, does not reach the merits of the parties' pending motions and **DENIES** those motions **as moot**.

## *FACTUAL BACKGROUND*

Plaintiff is incarcerated at present in a California state prison. Plaintiff's brother, Robert T. Faunce, is a resident of Grants Pass, Oregon. Defendants Bird, Hughes, Lane, Rote, and Wetmore (Attorney Defen-

dants) are Oregon residents and are or were partners in a Grants Pass law firm. Defendants Shacker, Gallo, Dragon, Tkatchenko, and Sidarov (Investor Defendants) are New York residents employed by the investment firm of M.S. Farell & Co., Inc.

In March 1996, Defendant Bird drafted for Plaintiff's mother, Anna W. Tileston, a living trust instrument. During her lifetime, Tileston was the Trustee and sole beneficiary of the Trust. Upon her death, Plaintiff and his brother became the Trust beneficiaries and Defendant Bird became the Trustee. Pursuant to the Trust, the assets remaining after the payment of necessary debts were to be distributed equally between the two brothers.

Plaintiff alleges Investor Defendants assumed the role of "third-party trustees" when they were hired by Defendant Bird in 1999 to manage the Trust's investments. Plaintiff also alleges each of the Attorney Defendants assumed the role of a Trustee as a result of their partnership with Defendant Bird. Plaintiff asserts each Defendant, therefore, owed a fiduciary duty to the Trust and to Plaintiff and his brother.

Plaintiff contends all Defendants breached their fiduciary duties to Plaintiff and his brother by withholding information and assets from the co-beneficiaries, by failing to consult with them as co-beneficiaries or to follow their instructions regarding the investment of the Trust assets, by engaging in illegal trading activities and high-risk investment options, and by generally mismanaging the Trust estate. Plaintiff also alleges Defendants wrongfully withheld funds from Plaintiff and his brother.

In his First Amended Complaint, Plaintiff sought broad relief, including restoration of Trust assets, removal of the current Trustee, appointment of an interim Trustee, compensatory and punitive damages, declaratory relief, and attorneys' fees and costs. Plaintiff subsequently filed a Motion for TRO and

---

1. Plaintiff seeks a default judgment against Defendants Shacker, Gallo, Dragon, Tkatchenko, and Sidorov. Although these defendants have failed to appear, the Court concludes it lacks the authority to grant Plaintiff's motion because the Court dismisses this action on procedural grounds.

Injunction Removing Current Trustees and Appointing New Trustees in which he asked the Court to remove all named Defendants and all persons acting in concert with them as Trustees, to immediately divest Defendants "of any and all interests in, control of or dominion over" the Trust or its assets, and to appoint a new trustee. Plaintiff further asked the Court to order the successor trustee to close all stock trading accounts held by the Trust, to liquidate the assets, and to grant Plaintiff and Robert Faunce "full and immediate access to such assets without limitation."

The Trust provides a member of Defendant Bird's law firm will act as successor trustee if Defendant Bird is unable or unwilling to act as Trustee. The Trust also provides the Circuit Court of the State of Oregon in and for Josephine County, on application of any interested person, shall have the power to appoint a successor trustee when any named trustee resigns. After Plaintiff brought this action, Defendant Bird sent Notice to Plaintiff of his intent to resign as Trustee. The Notice indicated none of Defendant Bird's partners were willing to act as successor trustee and advised Plaintiff that he should petition the Josephine County Court for the appointment of a new trustee.

### STANDARDS

Federal Rule of Civil Procedure 19 sets forth the standards for determining whether dismissal of an action for nonjoinder of an absent party is required. Rule 19 proscribes a two-part analysis. First, the court must determine whether the absent party is "necessary" to the action under Rule 19(a). If a party is necessary but joinder is not feasible, the court must determine whether the party is "indispensable" and, "in equity and good conscience," whether the action should proceed without the absent party. Fed.R.Civ.P. 19(a).

■ Rule 19 is designed to protect absent parties as well as those before the court from multiple litigation, inconsistent judicial determinations, or the impairment of interests or rights. *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991). Rule 19 also is designed to further

the public's interest "in avoiding repeated lawsuits on the same essential subject matter." *Id.* at 912 (citing Fed.R.Civ.P. 19 advisory committee's notes). Because Rule 19 protects interests beyond those of the parties before the court, the absence of necessary parties may be raised by the Court *sua sponte* at any stage of the litigation. *Id.* at 911–12. Generally, determinations under Rule 19 are left to the sound discretion of the trial court. *Kescoli v. Babbitt*, 101 F.3d 1304, 1309 (9th Cir.1996).

### DISCUSSION

#### *Necessary Party under Fed.R.Civ.P. 19(a)*

Under Fed.R.Civ.P. 19(a), an absent party is "necessary" to an action and should be joined, if feasible, when:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The Supreme Court has described necessary parties generally as those persons having an interest in the action who should be made parties so that the court may "finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l*, 928 F.2d at 912 (citing *Shields v. Barrow*, 58 U.S. 130, 139, 17 How. 130, 15 L.Ed. 158 (1854)).

■ "As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." *Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir.1982). *See also Tick v. Cohen*, 787 F.2d 1490, 1494 (11th Cir.1986) (all beneficiaries are necessary parties to actions seeking broad relief affecting the trust and trust

administration).[2] In *Walsh,* the beneficiary plaintiffs alleged the trustees mismanaged the trust accounts, engaged in self-dealing, breached their fiduciary duties, and invested without the knowledge and consent of the beneficiaries. *Id.* at 1240. The court held the district court did not abuse its discretion when it determined that all of the beneficiaries were necessary parties to an action to remove the trustees, recover surcharges and other damages, and establish a constructive trust. *Id.* at 1240, 1243. Even though separate trusts were established for each beneficiary, the trust agreements specified that the trusts were to be administered in a uniform manner with common trustees. *Id.* at 1240–41. The trial court did not abuse its discretion when it determined all beneficiaries were necessary parties to the action in order to effectuate the settlor's intent. *Id.* at 1243.

■ Here Plaintiff seeks removal of the current Trustee and appointment of a successor trustee, a restoration of Trust assets, injunctive relief in the form of an order to the new trustee to liquidate and to release all Trust assets to Plaintiff and his brother "without limitation," five million dollars in compensatory damages for lost profits from improper investment of "assets of the Anna Tileston Trust and plaintiff and co-beneficiary," and other compensatory and punitive damages. Under the terms of the Trust, both Plaintiff and his brother, Robert Faunce, are beneficiaries and are to be treated equally. The relief sought by Plaintiff necessarily would affect the Trust itself and, therefore, could affect the relative interest of Robert Faunce.

Plaintiff's claims and his request for temporary injunctive relief are based on injuries to himself and to his brother. Plaintiff argues the Trustees' failure to distribute Trust assets to Robert Faunce, a homeless and penniless man in poor health, constitutes immediate and continuing irreparable harm

that requires the Court to remove the current Trustees and to order the Trust assets distributed to both co-beneficiaries without limitation. Although Plaintiff effectively is attempting to represent both their interests, any money judgment in this matter necessarily would be in Plaintiff's name alone. Given Ms. Tileston's express desire that the two brothers receive equal shares of the trust remainder, however, the Court finds Robert Faunce is a necessary party whose presence in this action is required for a just adjudication of the matter under the holding of *Walsh.*

Although Robert Faunce has not moved formally to intervene in this action, he has not " 'meticulously observed a neutral and disinterested posture' " toward these proceedings and has not effectively waived any right to participate. *United States v. Bowen,* 172 F.3d 682, 689 (9th Cir.1999) (joinder is contingent upon an initial requirement that the absent party actually claim an interest in the matter) (citing *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir.1983)). To the contrary, Robert Faunce not only submitted an affidavit in support of Plaintiff's Motion requesting a temporary restraining order, but he also submitted, on his own and apparently without his brother's knowledge, additional materials including a second declaration and photographs of his current living conditions. These documents demonstrate Robert Faunce believes he has an interest in these proceedings, and the Court agrees. The Court, however, may adjudicate only the claims of the parties before it, and only Plaintiff would be entitled to redress in this matter.

In summary, the Court finds pursuant to *Walsh* both of the beneficiaries are necessary parties to this action that involves, among other things, removal of Trustees and management of Trust assets. Because of the

---

**2.** In *Arizona Laborers, Teamsters and Cement Masons Local 395 Health and Welfare Trust Fund v. Conquer Cartage Co.,* 753 F.2d 1512, 1521 (9th Cir.1985), the Ninth Circuit stated, "[i]t has long been the rule that beneficiaries of a trust ordinarily need not be joined as necessary parties under Rule 19." That case is distinguishable, however, because the plaintiffs that represented

the trust funds were fiduciaries of the absent beneficiaries and were required by law to act in the best interests of all of the beneficiaries. Plaintiff here owes Robert Faunce no such obligation, and the basis for the lawsuit is the Trustee's alleged breach of his fiduciary duties to both of the beneficiaries.

nature of Plaintiff's claims and the broad equitable and monetary relief requested, the Court exercises its discretion and finds Robert Faunce is a necessary party who should be joined under Rule 19(a) if feasible.

### Indispensable Party under Rule 19(b)

Robert Faunce is an Oregon resident. Thus, his joinder is not feasible because it would destroy diversity jurisdiction, the only basis for federal subject matter jurisdiction in this matter. The Court, therefore, must apply the indispensability analysis of Rule 19(b).

■ If the absent party is a necessary party and should be joined pursuant to Rule 19(a) but cannot, the court then must determine under Rule 19(b) whether the party is "indispensable" and whether in "equity and good conscience" the action can proceed without the party. *Kescoli*, 101 F.3d at 1310 (internal citations omitted). "The inquiry is a practical one and fact specific [citation omitted] and is designed to avoid the harsh results of rigid application." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (citing *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th cir.1981), *cert. denied*, 459 U.S. 917, 103 S.Ct. 231, 74 L.Ed.2d 183 (1982)).

■ The Court should consider at least four factors: the extent of prejudice to any party or to the absent party if the party is not joined; whether relief can be shaped to lessen that prejudice; whether an adequate remedy, even if not complete, can be awarded without the absent party; and whether an alternative forum exists. *Kescoli*, 101 F.3d at 1310–11 (internal citation omitted). These factors are not exclusive, and the weight to be accorded each of the factors will vary with different factual circumstances. *Provident Tradesmens Bank & Trust v. Patterson*, 390 U.S. 102, 118–19, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) ("The decision whether to dismiss ... must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.").

■ In *Walsh*, the Ninth Circuit noted "the weight of authority is probably against dismissal for nonjoinder of all trust beneficiaries when only the *administration* of the trust is at issue." *Walsh*, 692 F.2d at 1244 (emphasis in original) (internal citation omitted). The court, nevertheless, held the district court did not abuse its discretion when it dismissed for nonjoinder the plaintiffs' claims for removal of the trustees, restoration of trust assets, and compensatory damages under the facts of that case.

### A. Factor One: The Extent of Prejudice to Any Party or the Absent Party

Analysis under the first factor mirrors the impaired interest analysis under Rule 19(a). *Kescoli*, 101 F.3d at 1311. As noted, Robert Faunce claims an interest in the subject matter of this action, and his interest may be harmed if he is not joined. Defendants, too, may suffer prejudice from Robert Faunce's absence in the form of exposure to double or inconsistent obligations to the two beneficiaries if Robert Faunce decides to seek relief on his own behalf in state court. The first factor, therefore, weighs in favor of dismissal.

### B. Factors Two and Three: Extent to Which Relief Can Be Shaped to Lessen Prejudice and Adequacy of a Judgment Without the Absent Party

As noted, Plaintiff seeks broad relief based on his own claims and the claims of his brother. Plaintiff and his brother, however, cannot recover the damages they seek nor can the Trust assets be restored and properly distributed in the absence of Plaintiff's brother. This finding is bolstered by the Trust's requirement that the brothers be treated equally under the agreement. Ms. Tileston's intent would be frustrated because the Trust agreement could not be given full effect without the presence of both of the beneficiaries. The Court can conceive of no way to fashion a meaningful judgment on Plaintiff's claims that will not affect Robert Faunce's interests.

### C. Factor Four: Whether an Alternative Forum Exists

The fourth factor the Court must consider is whether an alternative forum exists. If the Court dismisses this action for nonjoinder, Plaintiff and his brother will have an adequate remedy in Oregon state court. All of Plaintiff's claims arise under Oregon state trust law and ordinarily would be adjudicated in the state court system.

The Attorney Defendants, however, allege the statutes of limitations expired on Plaintiff's claims before he filed this action. Thus, it could be argued that no alternative forum exists under these particular circumstances. The Court does not address the merits of the Attorney Defendants' statute of limitations defense because it does not affect the Court's determination that this action should be dismissed for nonjoinder. If the Attorney Defendants are correct and the statutes of limitations have run, Plaintiff would be barred in any event from bringing his claims either in state court or in this forum. Thus, whether Plaintiff's claims are time-barred does not bear on whether Plaintiff has an alternative forum to have his claims heard, but instead goes to whether Plaintiff has any forum in which to adjudicate his claims. Plaintiff will suffer no prejudice in his defense of Defendant's statute of limitations claim if this case is dismissed. An adequate alternative forum, therefore, exists.

### D. Additional Factors

As noted, the factors listed in Rule 19 are not exclusive. The Court also is persuaded the state court is a more appropriate forum for the determination of Plaintiff's claims. Resolution of the issues involved in these uniquely state court claims would be better carried out in a state court more familiar with state trust law. The state court forum additionally would promote judicial efficiency by ensuring that all possible claims regarding the Trust are adjudicated in one forum and that the potential for multiple or inconsistent judgments is eliminated. Moreover, the trust itself designates the Circuit Court for Josephine County as the appropriate venue for trustee removal actions; thus, dismissal of Plaintiff's federal claims would best effectuate Tileston's intent. The fourth factor, therefore, weighs heavily in favor of dismissal.

Finally, the Court notes this matter is in the preliminary stage of litigation. The Attorney Defendants who have appeared have not yet filed answers to Plaintiff's Complaint. The Investor Defendants have not appeared at all. Little substantive work has occurred and, thus, "very little duplication of effort would be necessary if the case were refiled in state court." *Walsh,* 692 F.2d at 1244.

Based on the foregoing, the Court concludes "in equity and good conscience," this action should not proceed without Plaintiff's co-beneficiary, Robert Faunce.

### CONCLUSION

For these reasons, the Court, on its own motion, **DISMISSES without prejudice** Plaintiff's First Amended Complaint (# 6) for nonjoinder of an indispensable party pursuant to Fed.R.Civ.P. 19(b). The Court, therefore, does not reach the merits of the parties' pending motions and **DENIES** those motions **as moot.**

IT IS SO ORDERED.