**David W. FAUNCE, Plaintiff—Appellant,**

v.

**Michael J. BIRD, et al., Defendants—Appellees.**

No. 02–35228.

D.C. No. CV–01–01048–BR.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

### MEMORANDUM **

David W. Faunce, a California prisoner and trust beneficiary, appeals pro se the district court's order dismissing without prejudice, pursuant to Fed.R.Civ.P. 19(b), his diversity action against trustee and investor defendants for damages, injunctive relief, and an accounting. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion the district court's determination under Rule 19 that dismissal is required because a person absent from the litigation is indispensable, *Walsh v. Centeio*, 692 F.2d 1239, 1242–43 (9th Cir.1982), and we affirm.

Faunce contends that joining his co-beneficiary brother, who is an Oregon resident, as a plaintiff, would not destroy diversity because not all defendants are from Oregon. The district court properly concluded that the addition of Faunce's brother would destroy diversity jurisdiction because some defendants are Oregon citizens. *See* 28 U.S.C. § 1332; *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 579–80 n. 2, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (section 1332 requires complete diversity).

Faunce concedes that his brother is a necessary party, but contends that he cannot pursue this action in state court because Oregon courts cannot exercise jurisdiction over New York citizens. The district court did not abuse its discretion in determining that Faunce and his brother have an adequate remedy in state court, *see* ORCP 4 (Oregon's long-arm statute), especially given that all of the claims arise under Oregon state trust law, and the trust provides that the Circuit Court of Oregon in and for Josephine County shall have the power to appoint successor trustees. *See Kescoli v. Babbitt*, 101 F.3d 1304, 1310–11 (9th Cir. 1996).

Having dismissed the action on its own motion for nonjoinder of an indispensable party, the district court properly declined to rule on the pending motions and Faunce's requests for entry of default against the New York defendants.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.