MEMORANDUM ON RECONSIDERATION OF ORDER TO JOIN PARTY DEFENDANT and PROPOSED NOTICE TO MEMBERS OF THE MOHEGAN TRIBE
JANE W. FREEMAN, Judge.
On October 29, 2008, the Court issued a sua sponte order directing the Plaintiff to join Jim Gray, Chairman of the Mohegan Tribe Election Committee, as an additional party Defendant (“Order”). The Defendant objected to the Order, moved for a reconsideration and withdrawal of the Order and requested a hearing (“Defendant’s Objection”).[1] In response to this request, the Court held a hearing on the Defendant’s Objection and on the Court’s intention to issue an order of notice to members of the Mohegan Tribe (“Proposed Order of Notice”).[2] The Court heard oral argument from both parties at the hearing. The Plaintiff did not object to the Order or to the Proposed Order of Notice, while the Defendant objected to both.
I. Defendant’s Objection to Order
The Defendant objects to the Order and contends that: (1) the Court lacks the power and authority to issue any sua sponte orders; (2) the Court’s Order appears intended to bolster the Plaintiffs case; (3) the Order deprives Mr. Gray of due process since he was not provided with notice and an opportunity to be heard before its issuance; and (4) joinder of Mr. Gray is not required for a complete determination of the issues in this case, or at the least, such a determination is premature until the Plaintiff complies with the Defendant’s Request to Revise.[3]
The Defendant argues that because the Mohegan Tribal Court is not a constitutional court, its powers are derived from the tribal ordinance which established the Court and are limited to the powers expressly enumerated in that ordinance. Specifically, the Defendant contends that this Court has no power to issue sua sponte orders since such power is not enumerated in MTC §§ 1—32(b)(1) and 1-32(b)(4).[4]
*357 The Mohegan Tribal Court is not a constitutional court; it is a “legislative court” which is empowered to exercise only that jurisdiction conferred upon it by the Tribe’s legislative body. Mohegan Const., Art. IX, § 2(n)-(o);[5] MTC § 1-17.[6] However, the fact that this Court is a legislative court, does not mean there is a corresponding requirement that there be an express grant of each of the powers available to the court. Sovereign Bank v. Thomas, — Am. Tribal Law -, 2008 WL 4683973 (Mash. Pequot Tribal Ct.).[7]
‘Although related, the court’s authority to act pursuant to a[law] is different from its subject matter jui'isdiction. The power of the court to hear and determine [matters over which it has subject matter jurisdiction] is not to be confused with the way in which that power is exercised ... ’ New England Pipe Corp. v. Northeast Corridor Foundation, 271 Conn. 329, 336, 857 A.2d 348 (2004). Thus, while an express grant of jurisdiction is a prerequisite to the exercise of the court’s jurisdiction, there is no corresponding requirement that there be an express grant of each of the powers available to the court to effectuate justice in cases where it has jurisdiction (citation omitted).
Id. at -, 2008 WL 4683973 at *1.
The Court agrees that its powers are derived from the ordinance which created it, MTC § 1-1 et seq., but disagrees with the Defendant’s claim that each specific power must be enumerated in such ordinance, where this Court has subject matter jurisdiction.[8]
*358 The Mohegan Court System Ordinance, MTC § 1-T et seq., the Gaming Disputes Trial Court Rules of' Civil Procedure and the Mohegan Tribal Court Rules of Practice and Procedure do not address the Court’s power to issue sua sponte orders. The latter, however, do address when parties may be added and summoned in by the court. Moh. R.P. § 1A(c) provides that “[t]o the extent not inconsistent with the provisions of MTC § 1-1 et seq., the Gaming Disputes Trial Court Rules of Civil Procedure shall apply to and be followed in actions now pending or hereafter brought to the Mohegan Tribal Court.” Therefore, the Gaming Disputes Trial Court Rules of Civil Procedure govern the joinder and addition of parties in this Court. G.D.C.P. § 12 permits the court to join interested persons as defendants, and provides as follows:
Any person may be made a defendant who has or claims to have an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary to make a party for a complete determination or settlement of any question involved therein.[9]
G.D.C.P. § 13.a. permits the court to summon additional parties if necessary for a complete determination of the controversy. It provides, in pertinent part, as follows:
If a complete determination of the controversy as between the parties before the court cannot be made without the presence of other parties, the court may direct that such parties be brought in... [10]
In addition, G.D.C.P. § 13.b permits the court to add or substitute parties:
New parties may be added and summoned in and parties misjoined may be dropped by order of the court at any stage of the cause, as it deems the interests of justice require.[11]
*359 However, these rules are silent as to whether this Court may issue sua sponte orders regarding the joinder and addition of parties. G.D.C.P. § 1 directs that “[a]ny matter not covered by these rules or by tribal law shall be governed by the Connecticut Superior Court Civil Rules and the Connecticut General Statutes.... ” In addition, the Connecticut General Statutes and the Connecticut Superior Court Civil Rules regarding orders to join and summon parties, and the case law interpreting both, fail to address whether such orders may be issued sua: sponte. See infra, footnotes 9-11. Where state precedent as to the interpretation of a practice book rule is lacking, the Connecticut Supreme Court has held that it is appropriate to look to authorities under a comparable Federal Rule of Civil Procedure. Horton v. Meskill, 187 Conn. 187, 192, 445 A.2d 579 (1982).
The comparable federal rules pertaining to joinder and non-joinder of parties are Fed.R.Civ.P. 19 [12] and Fed.R.Civ.P. 21,[13] respectively. Federal courts interpreting these rules have consistently held that district courts and appellate courts may raise the issue of nonjoinder sua sponte, even if it is not raised by the parties to an action. In re Schugg, 884 B.R. 263, 275 (D.Ariz.2008); MasterCard Int'l, Inc. v. Visa Int'l Service Association, Inc., 471 F.3d 377, 382-83 (2d Cir.2006); Faunce v. Bird, 210 F.R.D. 725 (D.Or.2002); Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 2 (1st Cir.1998); Manning v. Energy Conversion Devices, Inc., 13 F.3d 606, 609 (2d Cir.1994); McCowen v. Jamieson, Jr., 724 F.2d 1421, 1424 (9th Cir.1984); Consumers Union v. Consumer Product Safety Comm’n, 590 F,2d 1209, 1220, n. 56 (D.C.Cir.1978), rev’d on other grounds sub. *360 nom. GTE Sylvania, Inc. v. Consumers Union of U.S., Inc., 445 U.S. 375, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980); Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111, 88 S.Ct, 733, 738-739, 19 L.Ed.2d 936 (1968); see also, 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1609 (3d ed.2008).
In sum, this Court has authority to issue orders pertaining to joinder and non-joinder of parties sua sponte, even if the parties to the action have not raised the issues.
The Defendant also contends that the Court’s order appears intended to bolster the Plaintiffs case. While a declaratory judgment action will not be defeated by the nonjoinder of parties or the failure to give notice to interested persons, Conn. Practice Book § 17-56(c),[14] it will not be binding against any parties not joined. Conn. Practice Book § 17—56(d). The Court’s sua sponte order was not intended to bolster the case of any party, but was intended to ensure that all persons whose interests are implicated by the action are able to protect those interests through participation in the action. Batte-Holmgren v. Commissioner of Public Health, 281 Conn. 277, 288, 914 A.2d 996 (2007).
The Defendant’s concern that the Order deprived Mr. Gray of due process has been addressed by the Court’s holding a hearing to hear oral arguments concerning its Order and by its reconsideration of the Order.
Finally, the Defendant has objected to the Order claiming that joinder of Mr. Gray is not required for a complete determination of the issues in this ease, or at the least, such an Order is premature until the Plaintiff complies with the Defendant’s Request to Revise. The Defendant argues that it is not clear from the Complaint whether the Plaintiff is seeking a declaratory judgment or is appealing from the decision of the Election Committee and that until the Complaint is revised, it is premature for the Court to determine whether Mr. Gray’s joinder is required. While this Court has authority to issue sua sponte orders regarding the joinder and nonjoinder of parties, supra, pp. 2-6, the Court agrees with the Defendant that until the Plaintiffs Complaint is revised in accordance with the Defendant’s pending Request to Revise, a determination whether Mr. Gray is a necessary or indispensable party should be deferred.
Upon reconsideration, the Court’s October 29, 2008 sua. sponte order directing the Plaintiff to join Jim Gray, Chairman of the Mohegan Tribe Election Committee, as an additional party Defendant, is hereby vacated.
II. Defendant’s Objection to Proposed Order of Notice
The Defendant also objects to the Proposed Order of Notice to tribal members.
Conn. Practice Book § 17—56(b) provides that in a declaratory judgment action involving the validity of a municipal ordinance, persons interested include the municipality and that where the validity of a state statute is involved, the attorney general is an interested person; it further pi'ovides that all persons who have an interest which is direct, immediate and adverse to one of the parties shall be made parties to the action or be given reason *361 able notice thereof.[15]
On October 29, 2008 the Court issued an Order of Notice to the Mohegan Tribe of Indians of Connecticut, providing notice of the pendency of this action. The Notice to the Mohegan Tribe was served on the attorney general of the Mohegan Tribe (Pleading # 112). Thus both the Mohegan Tribe and its attorney general have been given notice of the pendency of this action. To date, the Mohegan Tribe has not filed any pleading indicating that it desires to be made a party to this action; however, at this stage of the proceedings, it is uncertain whether or not the Tribe will do so.
Therefore, at this stage of the proceedings, the Court will not issue the Proposed Order of Notice.

. Pleading# 114.

. Pleading # 115.

. Pleading # 116.

. MTC § l-32{b)(l) and (b)(4) provide as follows:
(b) Judges of the Mohegan Tribal Court shall have the following powers and duties:
(1) Judges of the Mohegan Tribal Court shall administer justice and discharge all duties imposed upon them by law and shall hear and decide all matters of a judicial nature and enter judgments and orders disposing of such matters.
(4) Each Judge shall have the power to:
(i) preserve and enforce order in his/her immediate presence, and in all proceedings when engaged in the performance of his/her official duty; (ii) compel obedience to his/her lawful orders; (iii) compel the attendance of persons to testify in those proceedings when required and as provided by law; (iv) administer oaths to persons in proceedings before him/her and in any other case where such shall be necessary' in the exercise of his/her pow *357 ers and duties; (v) punish for contempt to assure the effectual exercise of these powers.

. Mohegan Const. Art. IX, §§ 2(n)-(o) include among the powers of the Tribal Council, the following:
(n) to establish and enforce all ordinances governing tribal members, including, but not limited to, ordinances regarding tribal elections, ordinances establishing the civil and criminal jurisdiction of The Mohegan Tribal Court System, ordinances delineating the civil and criminal laws of The Mohegan Tribe, and ordinances providing for the maintenance of law, order and the administration of justice within The Mohegan Indian Reservation;
(o) to establish a tribal court system, defining the powers and duties of that court system;

. MTC § 1-17 entitled "General Subject Matter Jurisdiction” provides in pertinent part, as follows:
Subject to any contrary provisions, exceptions, or limitations contained in either an applicable federal law, the Mohegan Constitution, or as specified in Section 1-18 of this Article, the Mohegan Tribal Court shall have jurisdiction over all causes of action for which the Tribal Council enacts enabling legislation or grants the Court jurisdiction by contract with the express waiver of sovereign immunity contained in this Article, and over all offenses prohibited by Mohegan Tribal law....

. The Mashantucket Pequot Tribal Court is also not a constitutional court. In re Stewart, 1 Mash.Rep. 239, 1 Mash. 178, 1996 WL 34403080 (Mash. Pequot Tribal Ct., 1996). Like this Court, it is a legislative court, empowered to exercise only that jurisdiction conferred upon it by the Tribe’s governing body. Milios v. Mashantucket Pequot Gaming Com'n, 3 Mash.App. 12, 5 MPR 1, 2001 WL 36037734 (Mash. Pequot Ct. App.).

. The Defendant does not claim that this Court lacks jurisdiction of the subject matter nor would such a claim have any merit. The Council of Elders is vested by the Mohegan Constitution with "all judicial review powers," Mohegan Const., Art. X, 2, including but not limited to the power "to rule over cases and controversies arising under this Constitution and arising under the laws of the Mohegan Tribe ..." Mohegan Const., Art. X, 2(a). Therefore, the subject matter jurisdiction of this Court, as a subordinate court in the Mohegan Tribal Court System, includes the adjudication of disputes involving cases and controversies arising under this Constitution and *358 arising under the laws of the Mohegan Tribe; trial court judgments in such disputes can be appealed to the Court of Appeals, MTC § 1-81, and thereafter from the Court of Appeals to the Council of Elders. MTC § 1-83.

. G.D.C.P. § 12 closely tracks Conn. Practice Book § 9-6, which provides as follows:
"Any person may be made a defendant who has or claims to have an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party.”

. G.D.C.P. § 13.a. closely tracks Conn. Gen. Stat. § 52-107 and Conn. Practice Book § 9-18.
Conn. Gen.Stat. § 52-107 provides as follows:
"The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in ... ”
Conn. Practice Book § 9-18 provides as follow's:
"The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in ...”

. G.D.C. P. § 13.b. closely tracks Conn. Gen. Stat. § 52-108 and Conn. Practice Book § 9-19.
Conn. Gen.Stat. § 52-108 provides, in pertinent part, as follows:
"New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require.
Conn. Practice Book § 9-19 provides, in pertinent part, as follows:
"New parties may be added and summoned in, and parties misjoined may be dropped, by order of the judicial authority, at any stage of the cause, as it deems the interests of justice require.”

. Fed.R.Civ.P. 19, provides, in pertinent part, as follows:
(a) Persons Required to Be Joined if Feasible.
(1)Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person’s absence may:
(1) as a practical matter impair or impede the person’s ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include;
(1) the extent to which a judgment rendered in the person’s absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

. Fed.R.Civ.P. 21 provides as follows:
“Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever a claim against a party.’’

. Because this issue is not addressed by either the Mohegan Tribal Trial Court Rules of Practice and Procedure or the Gaming Disputes Trial Court Rules of Civil Procedure, the Connecticut Superior Court Rules are applicable. G.D.C.P. § 1.

. "All persons who have an interest in the subject matter of the requested declaratory judgment that is direct, immediate and adverse to the interest of one or more of the plaintiffs or defendants in the action shall be made parties to the action or shall be given reasonable notice thereof. If the proceeding involves the validity of a municipal ordinance, persons interested in the subject matter of the declaratory judgment shall include such municipality, and if the proceeding involves the validity of a state statute, such persons shall include the attorney general.” Conn. Practice Book § 17—56(b).